CLD-030                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2867
_____

IN RE: JAMES COPPEDGE
                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to D. Del. Civ. No. 1:21-cv-01412)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 17, 2022
Before:  GREENAWAY, JR., MATEY, and MCKEE, Circuit Judges

(Opinion filed January 6, 2023)
_____

OPINION[*]
_____

PER CURIAM

       In 2021, pro se Petitioner James Coppedge filed an action in the District Court,

appearing to allege, inter alia, unlawful debt collection practices by defendants Orlans PC

and SLS, LLC.  Coppedge also filed several motions, including a motion to void an

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

allegedly unlawful transfer of his property and motions for a default judgment. The District Court dismissed Coppedge's complaint, denied his motions, and subsequently denied Coppedge's motions for reconsideration. Coppedge's appeal from the District Court's judgment is pending at C.A. No. 22-2717. Coppedge now petitions this Court for a writ of mandamus directing the District Court to vacate its order dismissing his complaint and denying his various motions.

"Mandamus provides a drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (citation and internal quotation marks omitted). To justify the Court's use of this remedy, Coppedge must show a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992). Coppedge has not met this burden. Notably, his mandamus petition appears to raise issues that are the subject of his appeal that is pending before this Court, and mandamus is not a substitute for appeal. See In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) ("If, in effect, an appeal will lie, mandamus will not.").

Accordingly, we will deny the mandamus petition.[1]

---

[1] Coppedge's request to seal the supplement to his mandamus petition, filed at ECF No. 2, is denied, as Coppedge has failed to provide any justification for sealing the documents at issue. See In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001) (noting that "the party seeking . . . the sealing of part of the judicial record bears the burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure" (citation and

internal quotation marks omitted)).  Coppedge has likewise failed to provide any justification for his request to stay proceedings, so that request is denied as well.